1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

RHONDA LA MAE FARNAM,

                 Plaintiff,

    v.

CAROLYN W. COLVIN, Commissioner of
Social Security,

                 Defendant.

Case No. 3:13-cv-06047-KLS

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

12

13

14

15

16

17

18

        Plaintiff has brought this matter for judicial review of defendant's denial of her

application for disability insurance ("DIB") benefits and supplemental security income ("SSI")

benefits.  Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule

MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate

Judge.  After reviewing the parties' briefs and the remaining record, the Court hereby finds that

for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

19

20

21

22

23

24

25

26

FACTUAL AND PROCEDURAL HISTORY

        On February 13, 2009, plaintiff filed applications for DIB and SSI benefits, alleging

disability as of June 1, 2008, due to right knee and back problems. See Administrative Record

("AR") 116, 283-93, 320, 324.  Both applications were denied upon initial administrative review

and on reconsideration. See AR 136-42, 149-65.  A hearing was held before an administrative

law judge ("ALJ") on December 19, 2010, at which plaintiff, represented by counsel, appeared

ORDER - 1

1   and testified, as did vocational expert, Leta Berkshire, and Medical Expert, Dr. John Lindberg.

2   See AR 29-85.

3        On January 7, 2011, the ALJ issued a decision in which plaintiff was determined to be

4   not disabled. See AR 113-29.  Plaintiff's request for review of the ALJ's decision was granted by

5   the Appeals Council on March 1, 2012.  See AR 130-35.  Pursuant to the order from the Appeals

6   Council, another hearing was held on July 27, 2012, at which plaintiff, represented by counsel,

7   appeared and testified, as did vocational expert, Todd Gendreau. See AR 86-108.

8

9        On August 13, 2012, the ALJ issued a new decision in which plaintiff was determined to

10  be disabled as of November 29, 2010, rather than the alleged onset date of June 1, 2008.  See AR

11  8-28.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on

12  October 31, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20

13  C.F.R. § 404.981, § 416.1481.  On December 16, 2013, plaintiff filed a complaint in this Court

14  seeking judicial review of the ALJ's decision. See Dkt. #3.  The administrative record was filed

15  with the Court on February 27, 2014. See Dkt. #11.  The parties have completed their briefing,

16

17  and thus this matter is now ripe for judicial review and a decision by the Court.

18       Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for

19  payment of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record;

20  (2) in discounting plaintiff's credibility; (3) in forming his hypothetical question to the

21  vocational expert; and (4) in assessing plaintiff's residual functional capacity.   For the reasons

22  set forth below, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled

23  prior to November 29, 2010, and therefore finds that defendant's decision should be affirmed.

24

25  Although plaintiff requests oral argument, the Court finds such argument to be unnecessary here.

26  //

ORDER - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

. . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by

ORDER - 3

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and

conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

Where the medical evidence in the record is not conclusive, "questions of credibility and

resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639,

642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v.

Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining

whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

"must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences

"logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may

draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881

F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can

> substantial evidence, the courts are required to accept them.  It is the function of the
> [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
> not try the case de novo, neither may it abdicate its traditional function of review.  It must
> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
> rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2dat 1119 n.10.

ORDER - 4

only be rejected for specific and legitimate reasons that are supported by substantial evidence in

the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him

or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984)

(citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative

evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981);

Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of

those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need

not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

inadequately supported by clinical findings" or "by the record as a whole." Batson v.

Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v.

Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a

nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may

constitute substantial evidence if "it is consistent with other independent evidence in the record."

Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Lynn L. Staker, M.D., evaluated plaintiff on July 25, 2009 on behalf of the Washington

State Department of Social and Health Services.  AR 484.  Dr. Staker opined that plaintiff would

be limited to work at the sedentary level and noted "it is somewhat doubtful that she could

sustain [sedentary work] on an eight-hour basis."  AR 486.  The ALJ gave weight to the opinion

that plaintiff was limited to sedentary work; however, the ALJ gave little weight to Dr. Staker's

opinion that plaintiff may be unable to sustain that work on a full time basis.  AR 17-18.  The

ALJ discredited this part of the opinion because plaintiff was able to perform full time work from

ORDER - 5

1  May 2010 through November 2010 at a more than sedentary exertional level.  Id.  Plaintiff

2  argues this was not a legally sufficient reason to discredit the opinion.  See Dkt. No 13, pp. 5-9.

3  This Court disagrees.

4      Dr. Staker's opinion was contradicted by the opinion of the state nonexamining physician

5  opinions; therefore, the ALJ needed to provide specific and legitimate reasons supported by

6

7  substantial evidence to reject the opinion.  See AR 453-60, 465; See Lester, 81 F.3d at 830-31.

8  While the parties disagree on the exertional level of the work plaintiff performed between March

9  2010 and November 2010, neither party contests that the work was substantial gainful activity.

10  See Dkt. #13, p. 8; See Dkt. #15, p. 10.  Plaintiff stopped working in November 2010 because of

11  a workplace injury.  AR 17.  The ALJ found plaintiff's ability to work successfully for almost

12  seven months to be inconsistent with Dr. Staker's opinion that plaintiff would be unable to

13  sustain full time work.  AR 17-18.  This inconsistency is supported by substantial evidence in the

14  record and was a specific and legitimate reason to discredit Dr. Staker's opinion.

15

16      Plaintiff further argues that the ALJ erred by failing to follow the remand order regarding

17  Dr. Staker's opinion.  See Dkt. 13, p. 5.  The Appeals Council noted that the ALJ failed to

18  address or explain what weight was given to Dr. Staker's opinion.  AR 132.  Upon remand, the

19  Appeals Council ordered the ALJ to "further evaluate the treating source opinions, particularly

20  the opinions from Dr. Staker... and explain the weight given to such opinion evidence."  AR 133.

21  The Appeals Council instructed the ALJ to evaluate and assess how much weight to accord the

22  opinion; it did not require the ALJ to give the opinion full weight.  As such, the ALJ properly

23  followed the instructions of the Appeals Council.

24

25      The remainder of plaintiff's arguments amount to a request for the Court to reweigh the

26  evidence in the record.  See Dkt. #13, pp. 5-13.  It is not the job of the court to reweigh the

ORDER - 6

1   evidence. If the evidence "is susceptible to more than one rational interpretation," including one

2   that supports the decision of the Commissioner, the Commissioner's conclusion "must be

3   upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of

4   Soc. Sec. Admin., 169 F.3d. 595, 599, 601 (9th Cir. 1999)).  Here, the ALJ thoroughly discussed

5   the evidence in the record and his findings were supported by substantial evidence.  The ALJ did

6   not err in evaluating Dr. Staker's opinion.

7   

8   II.     The ALJ's Assessment of Plaintiff's Credibility

9           Questions of credibility are solely within the control of the ALJ. See Sample v.

10  Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  The Court should not "second-guess" this

11  credibility determination. Allen, 749 F.2d at 580.  In addition, the Court may not reverse a

12  credibility determination where that determination is based on contradictory or ambiguous

13  evidence. See id. at 579.  That some of the reasons for discrediting a claimant's testimony should

14  properly be discounted does not render the ALJ's determination invalid, as long as that

15  determination is supported by substantial evidence. Tonapetyan , 242 F.3d at 1148.

16  

17          To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent

18  reasons for the disbelief." Lester, 81 F.3d at 834 (citation omitted).  The ALJ "must identify what

19  testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also

20  Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the

21  claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

22  and convincing." Lester, 81 F.2d at 834.  The evidence as a whole must support a finding of

23  

24  malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

25          In determining a claimant's credibility, the ALJ may consider "ordinary techniques of

26  credibility evaluation," such as reputation for lying, prior inconsistent statements concerning

ORDER - 7

1
2       symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273,

3       1284 (9th Cir. 1996).  The ALJ also may consider a claimant's work record and observations of

4       physicians and other third parties regarding the nature, onset, duration, and frequency of

5       symptoms. See id.

6               Plaintiff argues the ALJ failed to properly assess plaintiff's pain symptoms in his

7       decision.  However, these symptoms were discussed as part of plaintiff's subjective testimony

8       and were considered in the ALJ's overall credibility determination.  AR 16.  The ALJ discounted

9       plaintiff's subjective testimony regarding her symptoms prior to November 29, 2010 finding it

10      unsupported by the medical evidence in the record and inconsistent with plaintiff's activities.

11      AR 16-17.  Plaintiff argues the ALJ erred in his credibility determination.  This Court disagrees.

12              While finding plaintiff's allegations unsupported by the record is not, on its own,

13      sufficient to discredit plaintiff's credibility, the ALJ provided other sufficient reasons.  See

14      Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc)) (emphasis added); see also

15      Byrnes v. Shalala, 60 F.3d 639, 641-42 (9th Cir. 1995).  The ALJ found plaintiff's testimony

16      inconsistent with plaintiff's ability to work successfully.  See AR 17.  The ability to maintain

17      employment "with a fair amount of success" during an alleged period of disability is a valid

18      reason to discredit plaintiff's claim of disability.  See Drouin v. Sullivan, 966 F.2d 1255, 1258

19      (9th Cir. 1992).  It is not contested that plaintiff began working at SGA levels in May 2010 and

20      stopped working in November 2010 after a workplace injury.  Plaintiff's ability to work

21      successfully up until she was injured is a clear and convincing reason to discredit plaintiff's

22      claims of disabling symptoms prior to November 2010.

23              The ALJ also noted plaintiff's activities including knitting, crocheting, visiting with

24      friends, watching television, grocery shopping, preparing simple meals, and performing house

25
26

ORDER - 8

chores as reasons to discount plaintiff's credibility.  AR 17.  The Ninth Circuit has recognized "two grounds for using daily activities to form the basis of an adverse credibility determination," first, as noted above, they can "meet the threshold for transferable work skills," second, they can "contradict his other testimony." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007).  It is not clear to this Court that the limited activities listed by the ALJ would meet the threshold for transferable skills or contradict plaintiff's testimony.  Nevertheless, the fact that one of the reasons for discounting plaintiff's credibility was improper, does not render the ALJ's credibility determination invalid, as long as that determination is supported by substantial evidence in the record, as it is in this case. Tonapetyan, 242 F.3d at 1148.  Plaintiff's work activity during the relevant time period was a valid reason to discredit plaintiff's credibility.  As such, the ALJ did not err in his credibility determination.

V.      The ALJ's Hypothetical Question posed to the Vocational Expert and Assessment of Plaintiff's Residual Functional Capacity ("RFC")

        Plaintiff's argument that the ALJ erred in his hypothetical question and RFC finding is based primarily on the assertion that the ALJ improperly evaluated the medical evidence.  As discussed above, the ALJ did not err in his evaluation of the medical evidence or plaintiff's credibility.  Therefore, the ALJ did not err in his hypothetical question or RFC finding.  Accordingly, plaintiff has failed to show any reversible error in the ALJ's decision.

CONCLUSION

        Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

//

//

ORDER - 9

1    DATED this 26th day of August, 2014.

2

3

4

5                                            Karen L. Strombom
                                             United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 10